GUILBE, PLAINTIFF AND APPELLEE, *v.* AMERICAN RAILROAD COMPANY, DEFENDANT AND APPELLANT.

Appeal from the District Court of Ponce in an Action for Damages.

No. 1838.—Decided July 22, 1919.

PLEADING — JURISDICTION — AMENDMENT — EXTENSION OF TIME — DISCRETION OF COURT.—On motion of the defendant certain paragraphs were stricken from the original complaint with leave to amend within five days, which term was later extended to ten days. One month and seven days after the expiration of said period the plaintiff obtained permission to file the amended complaint which accompanied his motion. *Held:* That as the time granted the plaintiff for filing an amended complaint was not jurisdictional, the court had discretional power to allow the filing of the amended complaint after the expiration of the period previously granted.

EVIDENCE—WEIGHING OF EVIDENCE—PREJUDICE, PARTIALITY OR MANIFEST ERROR.— When the evidence is sufficient to support the judgment and it does not appear that the lower court was influenced by prejudice or partiality or committed a manifest error, its weighing of the evidence will not be interfered with on appeal; and the fact that one of the grounds upon which the judgment is based may be erroneous will not justify a reversal if the judgment could be sustained on the other grounds.

The facts are stated in the opinion.

*Messrs. F. G. Pérez Almiroty* and *E. Acuña* for the appellant.

*Mr. Rafael Martínez Nadal* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The American Railroad Company appeals from a judgment for $400 recovered by plaintiff as damages resulting from the killing of a child by one of the defendant's trains.

Error is assigned under three separate heads with subdivisions as follows:

"(*a*) Errors of procedure:

"(1) That the court erred in overruling a motion to strike the amended complaint;

"(2) That the court erred in declining to reconsider its ruling on the motion to strike;

"(3) That the court erred in overruling a motion to strike certain paragraphs of the amended complaint.

"(*b*) Errors committed during the trial:

"(1) That the court erred in dismissing a plea in bar set up by defendant in its answer and argued as a demurrer at the beginning of the trial;

"(2) That the court erred in admitting, over the objection of the defendant, the testimony of the clerk of the court, a duplicate volume from the civil registry and an entry as to the birth of Juan Domingo Guilbe, contained therein, to show the legitimacy of plaintiff's child;

"(3) That the court erred and displayed manifest partiality in suggesting to plaintiff that the record of birth alone was not the best evidence of filiation, but should be supplemented by a marriage certificate;

"(4) That the court erred and showed manifest partiality in granting plaintiff five days within which to produce such marriage certificate.

"(*c*) Fundamental errors:

"(1) That the court erred in finding as a negligent cause (*causa negligencia*) that at the time of the accident there were no chains or barriers at the crossing in question;

"(2) That the court erred in finding that the train had been cut, leaving a number of cars on one side of the road while the loco-

motive went to pick up others on a parallel track, and that on returning while the train was backing in a negligent manner, without the taking of due precaution, without light on the rear car, and without giving any signal of warning, the rear car ran over the child while he was passing over the crossing;

"(3) The court below erred in estimating as the measure of damages in this case the mental aberration suffered by the child's mother in connection with the loss by the plaintiff of the child's services;

"(4) That the court erred in finding that the plaintiff spent about $250 for medicines and the cure of his wife, and in assessing the total amount of damages suffered by plaintiff in the sum of $400;

"(5) That the court erred in finding that the wife of plaintiff suffered any mental aberration, and that the accident which resulted in the death of her child was the proximate cause of such aberration."

On motion of defendant certain paragraphs of the original complaint were stricken, with leave to amend within five days, which term was later extended to ten days. One month and seven days after the expiration of the period so fixed, plaintiff asked and obtained leave to file an amended complaint attached to his motion. The cases cited by appellant in support of the contention that the court was without power to extend an expired term refer to periods fixed by statute, and are not in point.

In the absence of any citation of authorities or of serious argument, we need not investigate the merits of the suggestion that an amended complaint alleging damages due to the illness and insanity of the mother, superinduced by the death of the child, states a new cause of action, as distinguished from the loss of the child's services set up in the original pleading.

The motion for leave to file the amended complaint showed that plaintiff had been absent from the city and that his whereabouts had been unknown to his attorney, who had been unable to obtain the data needed in order to amend the complaint within the time allowed by the court. It is

true that no excuse was made for the failure to apply for a further extension of time before the expiration of the period already granted, and plaintiff would have had no reason to complain if his motion had been denied. Yet the matter was one within the sound discretion of the court and the circumstances show no serious abuse of such discretion.

For the same reasons the overruling of the motion to reconsider the previous action of the court in declining to strike the amended complaint was not reversible error.

That defendant was compelled to deny under oath facts constituting no proper measure of damages, was perhaps unfortunate, if true, but, without more, would hardly justify a reversal. Nor does this circumstance, whether considered alone or in connection with the matters hereinafter mentioned, indicate any appreciable degree of partiality or prejudice on the part of the trial judge.

The first subdivision of the second group of errors assigned proceeds upon the theory of an abandonment of the original suit, which was brought wtihin the statutory period, and the institution of a new action by the filing of the amended complaint after such period had elapsed. The question so raised and the argument in support thereof are in substance the same as that involved in the errors of procedure already discussed.

The second, third and fourth specifications of this group are relied on only to show partiality and prejudice. The errors themselves, if committed at all, were cured by the subsequent production of the marriage certificate. The circumstances surrounding the matters here specified and the manner in which the trial judge made the suggestion, if it can be regarded as a suggestion, and the rulings complained of, conclusively show that the contention is without merit.

The court below mentions somewhat incidentally the absence of any chains or barriers at the crossing, in connection with its finding that the injury was due to the negligent manner in which the train was handled. There was evidence

tending to show that in fact there were no chains or bars placed at the crossing. The brother of the boy who was killed, eleven years of age, examined, showed diagramatically that he understood what a crossing at the level was and testified that the road was clear, and two other witnesses testified to the same absence. While it may not have been the statutory duty of the defendant to place such bars or chains, the question always arises whether the duty may not arise, under certain circumstances, for steam railroads going through a town, independently of statute. We need not decide the question definitely, because, although the judge mentions this absence of bars or chains, the rest of his opinion tends to show that he placed the principal negligence of the defendant in its failure to take due care in handling the trains while coupling or uncoupling them at the crossing, a duty, if anything, enhanced by the very possibility that occurred here, namely, that children will wander on the tracks. Furthermore, even though the opinion of the court is erroneous, if the evidence tends to support the judgment we feel bound to affirm it in the absence of a clear showing that a finding of negligence in the handling of the train was not justified by the testimony given. If, for example, the court, hearing the evidence in place of a jury, based its decision on three or four different grounds of negligence and one found no support in the proof, it would never be a reason for reversal if the judgment could be sustained on the other grounds.

The other specifications under the third group of errors assigned, as developed in the brief, go only to the sufficiency of the evidence or the amount of the damages, and the record discloses no such manifest error as to require a reversal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.